UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JENNIFER E. RUOTOLO, REBECCA BARTON, JOHAN TAPIA AND TIMOTHY BARTHOLOMEW, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TWIN RIVER WORLDWIDE HOLDINGS, INC. n/k/a BALLY'S CORP., UTGR, INC. d/b/a TWIN RIVER LINCOLN CASINO RESORT and TWIN RIVER – TIVERTON, LLC d/b/a BALLY'S TIVERTON,<br><br>    Defendants. | Civ. A. No. 1:20-cv-00530-WES-PAS<br>[Consolidated Case] |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO DIRECT CLASS NOTICE AND FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion to Direct Class Notice and for Preliminary Approval of Class and Collective Action Settlement. Having reviewed the Motion, the Settlement Agreement, and the record in this case, and for good cause shown:

IT IS HEREBY ORDERED AND ADJUDGED THAT:

**Preliminary Approval of Settlement Agreement**

1. The Court finds, for the purposes of preliminary approval, that the proposed settlement, as set forth in the Parties' Class Settlement Agreement (the "Settlement Agreement"), is fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that the Settlement was entered into at arm's length by competent and experienced counsel with the assistance of a former United States Magistrate Judge. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2.  The Court certifies, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), a settlement collective whose members are referred to as "FLSA Class Members," and defined as:

> any and all current and former hourly employees employed by either UTGR, Inc. d/b/a Twin River Lincoln Casino Resort or Twin River – Tiverton, LLC d/b/a Bally's Tiverton during the period from July 1, 2019, through and including July 26, 2022 and who were negatively affected by the alleged tip credit, rounding and/or overtime calculation practices that are the subject of the Litigation.

3.  The Court certifies, pursuant to Fed. R. Civ. P. 23, a settlement class whose members are referred to as "Rule 23 Class Members" and defined as:

> any and all current and former hourly employees employed by either UTGR, Inc. d/b/a Twin River Lincoln Casino Resort or Twin River – Tiverton, LLC d/b/a Bally's Tiverton during the period from July 1, 2019, through and including July 26, 2022 and who were negatively affected by the alleged rounding and/or overtime calculation practices that are the subject of the Litigation.

4.  The Court finds that (a) the Rule 23 class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interests of the class. The Court further finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5.  The Court appoints Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Steffans Legal PLLC and Connor & Morneau LLP, as Class Counsel to the Class.

**Notice to Potential Class Members**

6.  The Court approves the form and content of the proposed Notices submitted with

the Settlement Agreement and approves the Parties' proposal to distribute the Notice as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances and complies fully with the notice requirements of due process.

7. The Court approves the proposed schedule as set forth in the Settlement Agreement for dissemination of the Class Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, submitting papers in connection with Final Approval, and the Final Approval Hearing (Fairness Hearing).

**Claims Administration**

8. The Court authorizes the parties to select the Settlement Administrator as provided in the Settlement Agreement. The Settlement Administrator will be responsible for mailing Notices and administering the notice process, with the responsibilities set forth in the Settlement Agreement.

**Fairness Hearing**

9. A Fairness Hearing is hereby scheduled to be held before the undersigned on  __April 17, 2022__, at __9:30__ A.M/~~P.M. in Courtroom 7D~~ in Courtroom 3 of the United States District Court, District of Rhode Island, 1 Exchange Terrace, Providence, RI 02903, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Service/General Release Awards to Named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

10. Any member of the Rule 23 Class that has not opted out of the settlement may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by

the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless such person timely submitted an objection that complied with the instructions in the Notice.

11. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class.

12. If final approval of the settlement is not granted, or if the settlement is terminated for any reason, the settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the settlement and preliminary and final approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

IT IS SO ORDERED.

DATED: __November 16__, 2022

_____
JUDGE WILLIAM E. SMITH
UNITED STATES DISTRICT COURT